UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

-against-

CARLOS GARCIA,

Defendant.
-----------------------------------------------------------------x

MEMORANDUM, ORDER
and JUDGMENT
CR 00-858

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ AUG 0 4 2005 ★
BROOKLYN OFFICE

Jack B. Weinstein, Senior United States District Judge

On March 22, 2005 there was docketed an order of the Court of Appeals for the Second Circuit remanding this case to consider whether there should be a *Booker* and *Crosby* resentence. *See also* Mandate filed April 21, 2005. Counsel for defendant was appointed by this court.

On June 27, 2005, the court held a hearing to determine whether a resentence should be afforded. *See* Memorandum and Order dated March 28, 2005, explaining the procedure followed by this court. Defendant was present by telephone and was represented by counsel in person. *See* Tr. June 27, 2005.

The court has considered the transcript of the original sentence dated September 4, 2003. At that time the court ruled favorably to defendant on the scope of the conspiracy. *See* Tr. Sept. 4, 2003, p. 8. The court also corrected the presentence report to favor the defendant. *Id.* at 9.

The court had tried the case . It was fully cognizant of the evidence. *Id.* at 18. It placed the defendant at the midpoint of the Guideline range - - 87 months - - for reasons explained in the record. *Id.* at 18.

At the June 27, 2005 hearing on whether there should be a resentencing, defendant's counsel argued essentially that the jury had found an amount of cocaine involved in the conspiracy less than the amount found by the court when sentencing. Tr. June 27, 2005, pp. 3-4.

Defendant also argued that he was innocent. *Id.* at 5-6.

Defendant indicated that he wished a jury trial on any enhancement issue based upon the amount of cocaine involved in the conspiracy. *Id.* at 6-7. His counsel did not wish a jury decision. *Id.* at 8. The government denied that a jury hearing was necessary. *Id.* at 8.

The issue of whether a jury trial would be required if there were a resentencing need not now be decided. The court concludes that, if in fact the Guidelines provide for a lower sentence because the amount of cocaine involved must be considered to be less than the court found, this factor would not change the sentence. The court would not depart upward or downward under the Guidelines. Rather, it would, under the facts and law, have applied Section 3553(a) of Title 18 of the United States Code to impose exactly the same sentence.

Considering all the Section 3553 factors, the one of critical importance would be that under Section 3553(a)(2)(B) - - "to afford adequate [general] deterrence to criminal conduct...."

Unlike most drug offenders, this defendant was not under the financial and social pressure that could explain or justify his action. This was a cold blooded, calculated crime for financial gain by a person fully capable of evaluating risks and benefits.

This class of relatively well-off defendants may be dissuaded by the threat of a very serious penalty. The penalty imposed of 87 months will tend to dissuade others of his ilk who are made aware of the serious consequences of illegal drug conspiracies.

Since a resentencing would not result in a different sentence than the one already imposed, the motion for resentencing is denied.

By decision docketed June 27, 2005, defendant's motion for a new trial was denied. No valid basis for such a motion was suggested.

A motion by defendant for recusal was docketed on June 30, 2005. No valid basis for recusal was offered. This motion was denied on July 1, 2005.

SO ORDERED.

                                                Jack B. Weinstein
                                                Senior United States District Judge

Dated: Brooklyn, N.Y.
       July 26, 2005